# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8996 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Caine vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, the Defendants' Motion for the entry of a protective order is granted in part and denied in part, as follows: The videotapes of the Defendants' dispositions shall be held confidential with access limited to (1) the attorneys of record in the instant case; (2) the staff of those attorneys under the attorneys' direct supervision and responsibility; and (3) the parties to the case. The transcripts of the Defendants' deposition testimony are not subject to this order.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Defendants have moved for the entry of a protective order to prohibit the public discussion and dissemination of their deposition testimony in the instant matter. Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by *inter alia* "designating the persons who may be present while discovery is conducted." Fed. R. Civ. P. 26. Although the affairs of federal courts are "presumptively open to public scrutiny," *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), "[s]ecrecy is fine at the discovery stage, before the material [to be protected] enters the judicial record." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002). Thus, in considering whether to enter a Rule 26(c) protective order, the Court "must balance the interests involved: the harm to the party seeking the protective order and the importance of disclosure to the public." *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997). There is "no doubt as to the constitutionality of a rule allowing a federal court to forbid the publicizing, in advance of trial, of information obtained by one party from another by use of the court's processes." *International Products Corp. v. Koons*, 325 F.2d 403, 407 (2d Cir. 1963) (Friendly, J.).

    This Court maintains the discretion to determine whether a protective order is appropriate and what degree of protection is required. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The only requirement in deciding whether or not to issue a protective order is the statutory mandate of "good cause." *See Id.* at 37. The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order. *See* Fed. R. Civ. P. 26(c). Though good cause is difficult to define in absolute terms, "it generally signifies a sound basis or legitimate need to take judicial action." *Wiggins*, 173 F.R.D. at 229 (quoting *In re Alexander Grant &*

**STATEMENT**

*Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). Good cause is established by showing that disclosure will cause a clearly defined and serious injury. *See, e.g., Felling v. Knight*, No. IP 01–0571–C–T/K, 2001 WL 1782360, *2 (S.D. Ind. Dec. 21, 2001) (Tinder, J.). Some factors to consider in determining whether good cause exists to issue a protective order are the severity and likelihood of the perceived harm, the precision of the order, the viability of less onerous alternatives, the duration of the order, the privacy interests involved, whether the information is important to the public health and safety, and whether the party benefitting from the confidentiality of the order is a public official. *See In re Alexander Grant & Co. Litig.*, 820 F.2d at 356; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-788 (3d Cir. 1994). The Court is not limited to considering these factors only, and the Court must consider the peculiar facts and circumstances of each case and balance the interests involved in making the good cause determination. *See, e.g., Wiggins*, 173 F.R.D. at 229.

In a separate matter arising out of related allegations against some of the same defendants, a court in this District prohibited the public dissemination of substantially similar video of non-party deponents. *See, e.g., Hobley v. Chicago Police Commander Burge*, 225 F.R.D. 221, 223 (N.D. Ill. 2004). In so doing, the court noted the risk of disclosure to the deponents' interest in their constitutional privilege against self-incrimination and held that this constituted good cause to enter the protective order. *See Id.* (citing *La Salle Bank Lake View v. Seguban*, 54 F.3d 387, 389 (7th Cir. 1995)). The court held that the deponents' assertion of their Fifth Amendment right should not be made excessively burdensome or costly by allowing the dissemination of deposition video for the purpose of portraying the deponents as asserting their Fifth Amendment right in order to conceal misconduct. *See Id.* at 225. Because this risk is no less pressing here, where the deponents are in fact named Defendants, their interest in prohibiting the dissemination of the videotaped depositions outweighs the public interest in disclosure. The videotaped depositions can be cut and spliced, used as sound bites, and disseminated widely over an array of media. The privacy interests of the Defendants and the potential embarrassment of seeing their video repeatedly throughout the course of this litigation are persuasive in this Court's good cause determination. Likewise persuasive is the Defendants' interest in asserting their constitutional privilege against self-incrimination, and in preventing the dissemination of video the purpose of which is to make it appear that the Defendants are invoking their Fifth Amendment right in order to conceal their allegedly unconstitutional acts. Finally, as a result of the wide array of media in which video is now consumed, the Court notes that videotape deposition testimony may reach many viewers–especially in isolated clips–and taint the jury pool by predisposing potential jurors to certain views about the Defendants. This case will be tried before this Court, in front of an unbiased jury, and not in the court of public opinion in which clips of videotape is disseminated widely. Thus, good cause exists to justify granting a protective order to prohibit the dissemination of the videotaped depositions of the Defendants.

The Court recognizes that "[v]ideotapes are subject to a higher degree of potential abuse than transcripts" due to their ease of distribution in the popular media. *See, e.g., Felling*, 2001 WL 1782360, at *2 (Tinder, J.) (granting protective order for video deposition and denying protective order for deposition transcripts and other documents). Because transcripts are less susceptible to wide public distribution, they pose a reduced risk of generating unfair prejudice against the

**STATEMENT**

deponents. *See Id.* As the court in *Felling* recognized, the sealing of videotape depositions has been approved in several high-profile cases while the written deposition transcripts have been made available to the public. *See Id.* at *3 (citing *United States v. McDougal*, 103 F.3d 651, 658 (8th Cir. 1996); *Jones v. Clinton*, 12 F. Supp. 2d 931, 935 & n.6 (E.D. Ark. 1998)). For this reason, the Defendants' interest in prohibiting the dissemination of transcripts of their depositions does not outweigh the interest in disclosure of similarly situated plaintiffs pursuing actions against the Defendants. The Defendants have not demonstrated a clearly defined and serious injury that will result to them from the dissemination of the deposition transcripts. Thus, the Court finds that good cause does not exist to justify entering a protective order forbidding the dissemination of the deposition transcripts.

    For the foregoing reasons, the Defendants' Motion for the entry of a protective order is granted in part and denied in part, as follows: The videotapes of the Defendants' dispositions shall be held confidential with access limited to (1) the attorneys of record in the instant case; (2) the staff of those attorneys under the attorneys' direct supervision and responsibility; and (3) the parties to the case. The transcripts of the Defendants' deposition testimony are not subject to this order.