IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC CAINE, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 11 C 8996 |
| JOHN BURGE, JAMES PIENTA, | ) | |
| RAYMOND MADIGAN, WILLIAM | ) | Judge Virginia M. Kendall |
| MARLEY, WILLIAM PEDERSON, DANIEL | ) | |
| MCWEENY, CITY OF CHICAGO, and | ) | |
| UNIDENTIFIED EMPLOYEES OF THE | ) | |
| CITY OF CHICAGO, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Eric Caine brings this Motion to Reconsider this Court's prior Order dismissing the portion of his claim brought pursuant to 42 U.S.C. § 1983 contained in Count I of his Complaint alleging that the police officer-Defendants in this case fabricated and falsified evidence against him in violation of his right to due process of law secured by the Fourteenth Amendment. *See Caine v. Burge*, 11 C 8996, 2012 WL 2458640, *5-*6 (N.D. Ill. June 27, 2012). The facts relied on to decide the previous motion to dismiss are contained in the Court's Order of June 27, 2012, and are the same facts relied on to decide the instant Motion. *See Id*. at *1-*4. In the Court's prior Order it dismissed that portion of Count I of Caine's Complaint alleging that the Defendants violated Caine's right to due process of law

1

by fabricating and falsifying evidence, relying on a string of Seventh Circuit cases that this Court held stood for the proposition that such allegations sound in malicious prosecution and therefore do not give rise to an actionable due process claim under 42 U.S.C. § 1983. *See Id.* at *5-*6 (citing *Newsome v. McCabe*, 256 F.3d 747, 750-751 (7th Cir. 2001); *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003); *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009); *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010)). Caine brings this Motion for Reconsideration under Federal Rule of Civil Procedure 54(b) and this Court's inherent authority to amend its interlocutory orders. Caine argues that the Court's decision to dismiss the fabrication and falsification portion of Count I is in error given the Seventh Circuit's very recent decision in *Whitlock v. Brueggamann*, 682 F.3d 567 (7th Cir. 2012) (Wood, J.), which was decided on May 30, 2012, after the parties' opportunity to brief the motion to dismiss presently under reconsideration had passed. He argues that this Court should reconsider its prior Order under Rule 54(b) in light of *Whitlock* and allow him to proceed on his claims against the Defendants alleging that they falsified and fabricated evidence in violation of his right to due process of law as a constitutional tort brought pursuant to 42 U.S.C. § 1983. For the reasons set forth herein, Caine's Motion to Reconsider is denied.

## I. The Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other

decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b) (emphasis supplied). The Court's prior order was decided on a partial motion to dismiss, so it is not a judgment subject to reconsideration that falls within Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend judgments. *See* Fed. R. Civ. P. 59(e). Nor does the present Motion to Reconsider fall within Federal Rule of Civil Procedure 60, which governs the procedure for seeking relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 60. In fact the Federal Rules of Civil Procedure do not explicitly provide a mechanism for this Court to reconsider an order granting in part a motion to dismiss, or for that matter interlocutory orders of any kind. Nevertheless, courts in this District have construed motions to reconsider interlocutory orders, which an order on a partial motion to dismiss is, as arising under Rule 54(b) in addition to the Court's inherent authority and the common law. *See, e.g., Goldman v. Gagnard*, No. 11 C 8843, 2012 WL 2397053, *2 (N.D. Ill. June 21, 2012) (citing *Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02 C 1941, 2004 WL 2966948, *3 (N.D. Ill. Nov. 24, 2004) (collecting cases)).

In addressing a motion to reconsider an interlocutory order, courts in this District have applied the standard established in *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906

F.2d 1185, 1191 (7th Cir. 1990). *See Ramada Franchise Sys.*, 2004 WL 2966948 at *3. A motion for reconsideration brought pursuant to Rule 54(b) may be granted where the Court has obviously misunderstood a party, where the Court's decision rests on grounds outside the adversarial issues presented to the Court by the parties, where the Court has made an error not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the Court, or where there has been a controlling or significant change in the facts of the case. *See, e.g., Goldman*, 2012 WL 2397053 at *2 (quoting *Ramada Franchise Sys.*, 2004 WL 2966948 at *3); *see also Bank of Waunakee*, 906 F.2d at 1191. Here, Caine argues that reconsideration is appropriate under Rule 54(b) because, in his view, there has been a controlling or significant change in the law since the submission of the issue to the Court.

Motions to reconsider should be granted only in rare circumstances. *See Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) ("A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. *Such problems rarely arise and the motion to reconsider should be equally rare.*") (emphasis supplied). A party moving for reconsideration bears a heavy burden. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A motion for reconsideration is not an appropriate vehicle for relitigating arguments that the

Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration. *See Id.* It is well-settled that a motion to reconsider is not a proper vehicle to advance arguments or legal theories that could and should have been made before the Court entered its order or to present evidence that was available earlier. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir. 1995); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). Reconsideration of an interlocutory order is committed to the sound discretion of this Court, and is reviewed very deferentially and will only be reversed upon a showing that the Court abused its discretion. *See, e.g., Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co., LLC*, 244 F. Supp. 2d 890, 891 (N.D. Ill. 2002).

## II. Discussion

In dismissing the falsification and fabrication allegations contained in Count I of Caine's Complaint brought as a constitutional tort pursuant to 42 U.S.C. § 1983 this Court relied on *Newsome v. McCabe*, 256 F.3d at 750-751, and a line of authority derived therefrom, which holds that allegations of falsification of evidence by police officers sound only in malicious prosecution, do not give rise to a constitutional tort pursuant to § 1983, and are redressable only under state law, provided that state law supplies an adequate remedy. *See Newsome*, 256 F.3d at 750-751 (the unauthorized activities of police officers in

5

conducting an investigation of a potential criminal defendant states a claim for malicious prosecution and "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"); *McCann*, 337 F.3d at 786 (where the plaintiff alleged that the defendant violated his right to due process by "causing him to suffer a deprivation of liberty from a prosecution and contrived conviction. . . deliberately obtained from the use of false evidence" such a claim is one for malicious prosecution, and not a due process violation); *Brooks*, 564 F.3d at 833 (allegations of police "not disclosing known exculpatory evidence, perjuring themselves, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial" was, in essence, a claim for malicious prosecution, rather than a due process violation); *Fox*, 600 F.3d at 841 (plaintiff's due process claim—which included allegations that the police officers deliberately fabricated false statements, provided false allegations, and withheld exculpatory evidence—consisted of "nothing more than a hybrid" of his false arrest and malicious prosecution claims and was barred as a due process claim). The Seventh Circuit explicitly declined to overrule *Newsome* in *Parish v. City of Chicago*, 594 F.3d 551, 553 (7th Cir. 2009), and has consistently reaffirmed the proposition that a federal constitutional malicious prosecution claim is foreclosed in Illinois because state law provides an adequate remedy. *See Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011) (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)). *Whitlock*, the case that Caine

6

argues represents a significant change in the controlling law and on which his Motion for Reconsideration rests, does not address *Newsome*, *McCann*, *Brooks*, or *Fox* in reaching its ultimate conclusion that the appellate court lacked jurisdiction to review the police officers' appeal of the district court's denial of summary judgment against them. *See Whitlock*, 682 F.3d at 576.

In *Whitlock*, 682 F.3d at 571-573, two police officers of the City of Paris, an Illinois State Police investigator, and a State's Attorney came together to form "an investigative team" that allegedly conspired to frame two men for murder, and continued to cover up their alleged misdeeds over the course of two decades while the two men sat in prison on murder convictions for which they were later exonerated. The police officer-defendants in *Whitlock* allegedly fabricated the testimony of two witnesses who were the "*sine qua non* of the State's case." *Id*. at 572 (quoting *People v. Whitlock*, No. 4–05–0958, 944 N.E.2d 933 (Ill. App. Ct. Sept. 6, 2007)). In *Whitlock*, 682 F.3d at 575, the officer-defendants admitted that "fabricating, withholding, and suppressing material and exculpatory and impeaching evidence is unconstitutional," and therefore the Seventh Circuit was not directly confronted with the issue of whether the fabrication of evidence by police officers can give rise to liability under 42 U.S.C. § 1983 as a constitutional due process violation.

The *Whitlock* court did state that the Seventh Circuit has "consistently held that a police officer who manufactures false evidence against a criminal defendant violated due

7

process if that evidence is later used to deprive the defendant of her liberty in some way."
*See Id.* As support for this proposition the court cited *Jones v. City of Chicago*, 856 F.2d 985,
993 (7th Cir. 1988), a decision that not only predates *McCann, Brooks,* and *Fox*, but also
*Newsome*. This statement in and of itself is not particularly controversial, as police officers
may be liable for *Brady* violations, and the court in *Jones* held the officers liable on just those
grounds. *See Id.*; *see also Newsome*, 256 F.3d at 752 (the obligations of *Brady* extend to police
officers, who must turn over potentially exculpatory evidence to prosecutors).

The *Brady* claim alleged in this case, which the Defendants do not contest is properly
brought against them, is distinct from the claim that the Defendants fabricated and falsified
evidence in violation of Caine's right to due process of law. The former is a constitutional
tort that may be brought pursuant to 42 U.S.C. § 1983, the latter is not as fabrication and
falsification of evidence by police officers can only provide the basis for a state law
malicious prosecution claim. *See McCann*, 337 F.3d at 786; *Brooks*, 564 F.3d at 833; *Fox*, 600
F.3d at 841. The *Whitlock* court further noted that once admitted, the allegedly coerced
witness's "statement alone precludes summary judgment by supporting plaintiffs'
contention that the police defendants violated their right not to have police officers
manufacture false evidence. *See Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008)
('There was and is no disputing that such conduct [including fabricating evidence] violates
clearly established constitutional rights.')" *Id*. at 575 (Wood, J.). The *Whitlock* court's

8

reliance on *Dominguez* may be a bit overstated. Although *Whitlock* described the alleged misconduct in *Dominguez* as "fabricating evidence," 682 F.3d at 575, *Dominguez* in fact involved broader allegations of withholding exculpatory evidence in violation of *Brady*, orchestrating a show-up identification procedure that caused the criminal trial to be unfair, in addition to fabricating evidence. *See Dominguez*, 545 F.3d at 589. *Dominguez*, like *Jones*, held that the officer was liable to the plaintiff for the denial of his right to due process of law because the officer did not supply the prosecutor, the subsequent decisionmaker in the case, with truthful information and because he mislead the official who could be expected to exercise independent judgment and therefore denied the defendant due process by using this evidence against the defendant to deny him liberty. *See Id*. at 590. The court in *Dominguez* did not rest its conclusion that the police officer-defendant violated the plaintiff's right to due process on his falsification of evidence alone, but more fully relied on the officer's *Brady* violation to hold him liable. *See Id*.

This Court cannot assume that a subsequent panel of the Seventh Circuit can overrule another prior panel implicitly. *See Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002). To overrule precedent of the Seventh Circuit requires a recognition by the panel of the previous decision or decisions to be overruled and circulation of the overruling decision to the full court pursuant to Circuit Rule 40(e). *See Id*. *Whitlock* does not address *Newsome*, *McCann* and its progeny, or the issue of malicious prosecution, and was not circulated to

9

the entire court as required by Circuit Rule. Therefore, the decision in *Whitlock* does not

permit this Court to infer that *Newsome, McCann, Brooks*, or *Fox* have been overruled. *See,*

*e.g., Hotel Employees and Restaurant Employees International Union Welfare Fund v. Billy's 1870,*

No. 03 C 8337, 2004 WL 1879986, *1 n.1 (where a newer case of the Seventh Circuit states

a "potentially contrary rule" to the rule articulated in a prior precedent the court is bound

to follow the prior precedent where the newer case "neither recognized the prior rule. . .nor

was. . .circulated to the full court as required by Circuit Rule 40(e)"). *McCann, Brooks*, and

*Fox*, relying on *Newsome's* holding that claims for malicious prosecution do not state a due

process violation and are not a constitutional tort redressable under § 1983, each hold that

a claim alleging that police falsified or fabricated evidence sounds in malicious prosecution,

and therefore is not actionable under § 1983 and that an attempt to plead such acts as a

violation of due process is foreclosed. *See Newsome*, 256 F.3d at 750-751; *McCann*, 337 F.3d

at 786; *Brooks*, 564 F.3d at 833; *Fox*, 600 F.3d at 841. *Whitlock* did not acknowledge this prior

rule, nor, as has been previously stated, was *Whitlock* circulated to the entire Court of

Appeals as required by Circuit Rule 40(e). Thus *Whitlock* does not permit this Court to

reconsider its prior Order holding that Caine's attempt to plead police falsification and

fabrication of evidence is foreclosed because the cases the Court relied on remain the law

of the Seventh Circuit. *See Caine*, 2012 WL 2458640 at *5-*6 (citing *Newsome*, 256 F.3d at 750-

751; *McCann*, 337 F.3d at 786; *Brooks*, 564 F.3d at 833; *Fox*, 600 F.3d at 841); *see also Alexander*

*v. McKinney*, No. 11-3530, 2012 WL 3194929 (7th Cir. Aug. 8, 2012) (reaffirming *McCann* and *Brooks* and holding that FBI agents' alleged falsification of evidence did not state a due process claim).

As the *Whitlock* court itself acknowledged, "[c]ontext matters in these cases," 682 F.3d at 579, and the context in which *Whitlock* arose and the context of this case are quite dissimilar and show why *Whitlock's* discussion of fabricated evidence does not apply in the instant case. *Whitlock* arose out of two cases pending in the Central District of Illinois, *Steidl v. City of Paris*, No. 05 C 2127, and *Whitlock v. City of Paris*, No. 08 C 2055. In both cases the plaintiff sued three sets of defendants: the investigating police officers of the City of Paris, the State's Attorney who prosecuted the case, and the Illinois State Police. The court in *Whitlock*, 682 F.3d at 571-573, relied heavily on the fact that the police officers and the prosecutor formed an "investigative team" which allegedly conspired to fabricate, withhold, and suppress evidence in violation of the plaintiffs' due process and *Brady* rights. The court emphasized "the unusual circumstances of the case," 682 F.3d at 586, which included allegations that over the course of several months two inherently unreliable witnesses were supplied with alcohol and money, in addition to facts about the crime scene, in order to obtain from them false inculpatory statements which the "investigative team" allegedly agreed to withhold from the plaintiffs in order to obtain their convictions. *See Id*. at 571-572. By contrast, the present case does not involve the actions of a prosecutor,

11

nor are there allegations of an "investigative team" conducting misconduct by supplying unreliable witnesses with false information and incentives to lie and then covering up this misconduct for many years.

Further, the procedural posture of *Whitlock* arose out of appeals perfected by the three sets of defendants from the district court's denial of their motions for summary judgment in which they asserted absolute and qualified immunity. *See Id*. at 570-571. With respect the police officer's appeal the court held that there was no appellate jurisdiction. *See Id*. at 576. With respect to the prosecutor the *Whitlock* court held that it could not resolve the question of absolute immunity because disputed issues of material fact precluded its jurisdiction. *See Id*. at 579. The court further found that the prosecutor was not entitled to qualified immunity for alleged pretrial activities because, if proven, the plaintiffs' asserted claims constitute a violation of a clearly established constitutional right. *See Id*. at 585-586. Finally, the court held that the Illinois State Police defendants were not entitled to immunity based on the existence of disputed issues of material fact. *See Id*. at 588-589. The Defendants in this case, by contrast, have not asserted any form of immunity from suit so far in these proceedings.

It is significant that *Whitlock's* discussion of the interplay between due process and fabricated evidence does not appear in the court's discussion of the police officers' appeal, but rather appears in the section of the opinion addressed at the prosecutor's immunity

12

claims. *See Id*. at 581. This case, by way of contrast, does not concern a prosecutor. Thus, *Whitlock* is inapposite to the instant case because it concerns suppression of a prosecutor's provision of cash payments and alcohol in return for allegedly false inculpatory witness statements and thus can be said to present a classic *Brady* claim, whereas allegations that police officers failed to fully or truthfully disclose their use of coercive tactics during an interrogation do not, by contrast, give rise to a due process violation. *See Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007) (the plaintiff "essentially seeks an extension of *Brady* to provide relief if a police officer makes a false statement to a prosecutor by arguing that an officer is 'suppressing' evidence of the truth by making false statements. This court has already foreclosed this extension."); *Sornberger v. City of Knoxville,* 434 F.3d 1006, 1029 (7th Cir. 2006) ("Nor can *Brady* serve as the basis of a cause of action against the officers for failing to disclose these circumstances [of a coerced confession] to the prosecutor. . .The Constitution does not require that police testify *truthfully*; rather the constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies.") (emphasis in original) (internal quotations omitted); *Gauger v. Hendle,* 349 F.3d 354, 360 (7th Cir. 2003) ("We find the proposed extension of *Brady* [to require the police to render truthful records of interrogations] difficult even to understand. It implies that the state has a duty not merely to disclose but also to create truthful exculpatory evidence."); *see also Alexander*, 2012 WL 3194929 at *4 (stating that *Whitlock* held only that the prosecutor

13

was liable for the alleged misconduct committed in that case).

In addition to being inapposite on its facts, the comments in *Whitlock* concerning police officers' fabrication of evidence constituting a due process violation are dicta, which this Court is not bound to follow. Dicta has been "variously defined," one definition being "any statement made by a court for use in argument, illustration, analogy, or suggestion. . .concerning some rule of law or legal proposition that is not necessarily essential to the decision and lacks the authority of adjudication." *United States v. Cawley*, 837 F.2d 291, 292 (7th Cir. 1988) (Posner, J.); *see also Clevenger v. Bollingbrook Chevrolet, Inc.*, 401 F. Supp. 2d 878, 883 (N.D. Ill. 2005) (Kendall, J.) (same, citing *Cawley*). Dictum is distinguished from holding insofar as dictum lacks authority and "is part of an opinion that a later court, even an inferior court, is free to reject." *Cawley*, 837 F.2d at 292. There are many reasons for this Court to refuse to give weight to dictum in a passage found in a previous opinion, such as when "the issue addressed in the passage was not presented as an issue, hence was not refined by the fires of adversary presentation." *Id*. at 293; *see also Clevenger*, 401 F. Supp. 2d at 883 (same).

These principles which distinguish dictum from holding apply with ample force to *Whitlock's* passing reference to fabrication of evidence in connection with the police officer-defendants' appeal. In *Whitlock* the parties did not address either in their briefs or at oral argument whether claims that police officers fabricated evidence can state a valid due

14

process claim pursuant to § 1983. (*See Whitlock*, No. 11-1059, Appellate Briefs at Doc. 39-1, 49, 50, 58; oral argument filed October 27, 2011). The court in *Whitlock* stated that the defendant officers admitted "that the allegations that they fabricated evidence. . .state a due process claim," 682 F.3d at 580, which demonstrates that the issue "was not presented as an issue" and "was not refined by the fires of adversary presentation." *Cawley*, 837 F.2d at 293; *see also Clevenger*, 401 F. Supp. 2d at 883. The court rejected the defendants' appeal based on a lack of jurisdiction to hear the issue, and not on any substantive ground concerning the constitutional basis governing a fabrication of evidence claim as a due process violation. *See Whitlock*, 682 F.3d at 574-576. Thus, *Whitlock's* commentary about the relationship between fabrication of evidence and due process in relation to police officers lacked the authority of adjudication and is dicta because it was mere illustration and analogy used solely to illuminate the issue of the prosecutor's immunity. *See Cawley*, 837 F.2d at 292.

Finally, an even more recent decision of the Seventh Circuit, *Alexander*, 2012 WL 3194929, which was decided on August 8, 2012, casts significant doubt on portions of *Whitlock* and reaffirms the principles articulated in *McCann* and *Brooks* by holding that the falsification of evidence by FBI agents does not state a due process violation, but rather only a malicious prosecution claim redressable under state law and not as a constitutional tort pursuant to § 1983. The court in *Alexander* described the holding of *Whitlock* as

15

confined to the prosecutor's misconduct. After citing to *McCann* and *Brooks* for the proposition that police officers do not violate a defendant's right to due process by fabricating evidence, *See Id.* at *3, the court stated that in *Whitlock* "we held that *a prosecutor acting in an investigatory capacity who fabricates evidence that is used to obtain a wrongful criminal conviction violates a convicted defendant's clearly established due process rights.*" *See Id.* at *4 (emphasis supplied). Thus, *Alexander* limits *Whitlock* to its unique facts, particularly the fact that it was the *prosecutor* who violated the plaintiffs' constitutional rights by obtaining false inculpatory witness statements. Furthermore, *Alexander* reaffirms the holding of *McCann* and *Brooks* by rejecting a due process claim based on the falsification of evidence by police officers. Opining on the plaintiff's allegation that the FBI agents' falsification of evidence violated his right to due process of law and therefore presented a constitutional tort under § 1983 the court held "[t]hat is an approach *we have squarely rejected* in analogous cases, *and we see no reason to depart from our precedent*. *See Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir.2009) (plaintiff alleging that police officers failed to disclose exculpatory evidence, perjured themselves, and submitted false police reports could not state a due process claim 'by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.') (quoting *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir.2003))." *Alexander*, 2012 WL 3194929 at

16

*3 (emphasis supplied). Thus, *McCann* and *Brooks* remain the law of this Circuit as recently reaffirmed by *Alexander*, and an attempt to plead a claim that police officers fabricated or falsified evidence as a due process violation remains foreclosed under 42 U.S.C. § 1983.

## III. Conclusion

For the reasons set forth above, Caine's Motion to Reconsider is denied. Circuit Rule 40(e) was not followed in *Whitlock*, so this Court cannot infer that *Newsome, McCann, Brooks,* or *Fox*, each of which clearly holds that claims alleging that police officers falsified or fabricated evidence sound only in malicious prosecution and therefore are not actionable under 42 U.S.C. § 1983 so long as state law supplies an adequate remedy—which Illinois does. *See Newsome*, 256 F.3d at 750-751; *McCann*, 337 F.3d at 786; *Brooks*, 564 F.3d at 833; *Fox*, 600 F.3d at 841. *Whitlock* is also inapposite to the present case on its unique set of facts, as well as the procedural posture in which it arose. Additionally, *Whitlock's* passing references to police falsification and fabrication of evidence is dicta that this Court is not bound to follow. *See Cawley*, 837 F.2d at 292. The defendants in *Whitlock* admitted that their falsification of evidence constituted a due process violation, and therefore the issue of whether or not a due process claim redressable under § 1983 even lies for police falsification and fabrication of evidence was not briefed or argued on appeal, and thus not subject to the fires of the adversarial process upon which our system of justice relies. Finally, *Alexander*, 2012 WL 3194929 at *4, limits the central holding of *Whitlock* to the

17

prosecutor's misconduct alone, and reaffirms that *McCann* and *Brooks* remain the law of this Circuit—thus foreclosing any attempt to plead police falsification or fabrication of evidence as a due process violation under 42 U.S.C. § 1983. For these reasons, Caine's Motion to Reconsider is denied.


_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 14, 2012

18