IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC CAINE, | ) |
|       Plaintiff, | ) |
|   v. | ) |
| | ) 11 C 8996 |
| JON BURGE, et al., | ) Judge Virginia M. Kendall |
|       Defendants. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Eric Caine served twenty-five years in prison for a murder conviction which was later vacated. He now sues the City of Chicago, former City of Chicago police officers Jon Burge, James Pienta, Raymond Madigan, William Marley, William Pederson, Daniel McWeeny, and unidentified employees of the City of Chicago (collectively "the Defendants") alleging that he was tortured into confessing to the murder. Caine now seeks redress in this Court for the allegedly unconstitutional acts of the individual Defendants in connection with his arrest, torture and prosecution, and redress from the City of Chicago for sanctioning, through official policy or custom, the allegedly unconstitutional acts of the individual Defendants. As part of Caine's damages, Caine asserts physical, mental, and emotional injury stemming from both his treatment at the hands of Defendants prior, and as a result of his lengthy period of incarceration.

Defendants sought a HIPAA waiver for all of Caine's medical records, including mental health records, such that the documents could be disclosed directly to the defense. Caine's counsel refused to provide direct access to Caine's mental health records and asserted the psycho-therapist privilege.[1] Defendants now move to compel Caine to sign the HIPAA waiver for for mental health records on grounds that Caine waived the psychotherapist-patient privilege when he put his psychological health directly at issue in the Complaint, and characterized his mental and emotional injuries, both in the complaint and during the course of discovery, as severe. In oral response to Defendants' Motion, Caine responds that he does not intend to assert a blanket mental health records privilege; however, Caine also does not believe the claims at issue require blanket waiver of the psychotherapist-patient privilege. As a compromise, Caine proposes that his attorneys review the mental health records prior to turning them over to the defense, withhold only those documents that are subject to a medical privilege, and provide a privilege log that can then be the subject of a tailored motion to compel.

---

[1]The parties have satisfied the procedural prerequisites required by the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Illinois in bringing the instant Motion. Federal Rule of Civil Procedure 37(a)(2)(A) and Local Rule 37.2 require that the movant make a good faith attempt to confer with the nonmovant before bringing a motion to compel discovery in a federal district court. As set forth in the motion, Defendants satisfied their obligations under these rules by making a good faith effort to confer with Caine's counsel concerning the instant discovery disputes before asking for this Court's assistance and intervention. Thus, the Defendants' Motion to Compel is properly before the Court.

**Discussion**

Defendants argue that Caine has waived the protections of the psychotherapist-patient privilege in this case by putting his physical, mental, and emotional state at issue in the litigation, both in terms of the damages alleged, and in terms of the specific allegations against the Defendants - namely, that one or more of them tortured Caine into falsely confessing to murder. For these reasons, the Defendants ask this Court to compel Caine to sign the HIPAA waiver that will allow Defendants direct access to the medical records as relevant and not protected by the psychotherapist-patient privilege.

The Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996) affirmatively recognized the existence of a psychotherapist-patient privilege as a matter of federal common law under Federal Rule of Evidence 501.[2] *Jaffee*, 518 U.S. at 15. The Court held in *Jaffee* that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501

---

[2]Although this federal question suit, brought under the Court's grant of authority to hear such cases pursuant to 28 U.S.C. § 1331, involves supplemental state-law claims arising under Illinois law, the resolution of the privilege issues are governed by the federal common law of privileges and not by the Illinois psychotherapist-patient privilege which is codified in the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq*. *See Jaffee*, 518 U.S. 1 at 5 (applying the federal common law of privileges, and not Illinois state law of privilege, to a case that included a claim arising under 42 U.S.C. § 1983 as well as a state-law claim under the Illinois Wrongful Death Act); *In re Pebsworth*, 705 F.2d 261, 262 (7th Cir. 1983) (holding that in nondiversity actions the contours and exceptions of privileges are matters of federal common law and that state-created principles of privilege do not control); *see also Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (Posner, J.) (applying the federal common law psychotherapist-patient privilege recognized in *Jaffee* to a case involving a federal claim arising under Title VII of the Civil Rights Act of 1964 as well as a host of supplemental state-law claims brought pursuant to Illinois state law).

of the Federal Rules of Evidence." *Id*.

The *Jaffee* Court explicitly held that the psychotherapist-patient privilege, like all other testimonial privileges, can be waived. *See Jaffee*, 518 U.S. at 15 n.14. The Supreme Court, however, declined to explicitly set forth the manner in which the privilege would be waived, instead leaving it to the lower courts to fashion a doctrine of waiver to be applied to the psychotherapist-patient privilege. A plaintiff waives his right under the privilege when, by seeking damages for emotional distress, he places his psychological state at issue in the litigation. *See Doe. v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) ("[T]he privilege is not absolute. If a plaintiff by seeking damages for emotional distress places his or her pscyhological state in issue, the defendant is entitled to discover any records of that state"). Courts often employ the parlance that "one cannot use a privilege as both a shield and a sword." *Kronenberg v. Baker & McKensie*, 747 F. Supp. 2d 983, 989 (N.D. Ill. 2007) (discussing waiver of psychotherapist-patient privilege).

The issue of waiver of the psychotherapist-patient privilege arises frequently in civil litigation when the plaintiff claims damages for emotional distress. Federal courts faced with this issue have developed divergent approaches for ascertaining whether the privilege has been waived. *See Koch v. Cox*, 489 F.3d 384, 390 (D.C. Cir. 2007) (discussing the approaches to determining waiver). The so-called "narrow" approach finds the privilege

waived only when a patient places the substance of psychotherapeutic advice, or communications with a psychotherapist, directly at issue. *See id.* The so-called "broad" approach finds the privilege waived at any point that the plaintiff makes any claim for emotional distress. *See id.* (citing *Schoffstall v. Henderson*, 223 F.3d 818 (8th Cir. 2000)). Some courts have interpreted the Seventh Circuit's single post-*Jaffee* opinion on the subject as falling into the "broad" category, but the subject was addressed only briefly and did not expressly hinge the privilege waiver on the presence of an emotional distress claim. *See Oberweis*, 456 F. 3d at 718. The so-called "middle ground" approach holds that "[w]here a plaintiff merely alleges 'garden variety' emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege." *Koch*, 489 F. 3d at 390; *see also Flowers v. Owens*, 274 F.R.D. 218, 223-226 (N.D. Ill. 2011) (giving a detailed account of waiver of the psychotherapist-patient privilege, and describing the contours of the doctrine that make the nature of the damages sought relevant to the issue of waiver).

The weight of district courts in this district who have addressed have found, consistent with *Flowers*, that a party waives the privilege by claiming damages in situations where that party plans to introduce evidence of psychological treatment in support of their damages claim at trial. *See, e.g., Noe v. R.R. Donnelley & Sons*, No. 10 C 2018, 2011 WL

1376968, *1 (N.D. Ill. April 12, 2011) (collecting cases) (stating that a number of courts within the territorial jurisdiction of the Seventh Circuit recognize that the privilege is not waived when a plaintiff does not intend to offer evidence of consultations with a psychotherapist at trial); *Kronenberg*, 747 F. Supp. 2d at 990 (privilege is not waived when plaintiff does not intend to introduce records or testimony of psychotherapists in support of their claim for damages); *Santos v. The Boeing Co.*, No. 02 C 9310, 2003 WL 23162439, *1 (N.D. Ill. Oct. 21, 2003) (the fact that a plaintiff seeks emotional damages does not justify giving defendants access to mental health records); *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 529 (N.D. Ill. 1999) (privilege is not waived where plaintiff is not offering evidence of psychological treatment of her emotional distress at trial); see also *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 399–400 (E.D. Cal. 2009); *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 629 (S.D. Cal. 1999); *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 228 (D. Mass. 1997). Thus, the privilege may be waived where the plaintiff seeks to put into evidence psychological treatment in support of their claim for damages, but it is not waived where the plaintiff does not seek damages for emotional distress by introducing evidence that is not specific, concrete, or for which they received counseling as a result.

On the other hand, courts in this District, as well as others throughout the country which apply the "middle ground" approach, have held that where the plaintiff seeks 'garden variety' emotional damages—which is to say, damages limited to the typical

negative emotional impact on the plaintiff that obviously flow from the defendant's alleged misconduct—the privilege remains intact and is not waived. *See, e.g., Flowers*, 274 F.R.D. at 225 ("Since *Jaffee*, most courts have held that claims of 'garden variety' emotional damage do not result in a waiver of the psychotherapist/patient privilege."); *E.E.O.C. v. Area Erectors, Inc.*, 247 F.R.D. 549, 552 (N.D. Ill. 2007); *Taylor v. ABT Electronics, Inc.*, No. 05 C 576, 2007 WL 1455842, \*2 (N.D. Ill. May 14, 2007); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999); *see also In re Sims*, 534 F.3d at 129; *Koch*, 489 F.3d at 390; *Diehl v. Bank of America Corp.*, No. 09 C 1220, 2010 WL 4829970, \*1–2 (M.D. Fla. Nov. 19, 2010); *Kunstler v. City of New York*, No. 04 C 1145, 2006 WL 2516625, \*9 (S.D. N.Y. Aug. 29, 2006); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 660 (D. Kan. 2004); *Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33*, 126 F.R.D. 422, 426 (D. Mass. 1989). However, where the plaintiff's claim for emotional distress damages are limited to those that naturally flow from the defendants' alleged misconduct the privilege remains intact and can be asserted by the plaintiff to prevent mental health records from compelled disclosure—that is, claims for 'garden variety' emotional distress damages do not waive the privilege.

As shown on the face of the Complaint, Caine has injected his psychological treatment, conditions, and symptoms into this case. Caine's Complaint pleads that he suffered "severe emotional distress and anguish" as a result of the actions of Defendants.

(Cmplt at ¶ 107, 130). Caine has also answered interrogatories specifically listing as emotional damages as "immense" including "several mental breakdowns stemming from his wrongful incarceration" that caused him to seek pyschiatric care at least twice, together with experiencing feelings of paranoia, anxiety, and sleeplessness, among others. *See* Plaintiff's Resp. To Def. Madigan Interrogatory, Ex. E to Defendants' Motion to Compel. *Compare Awalt v. Marketti*, – F.R.D.–, 2012 WL 5342424 (N.D. Ill Oct. 29, 2012) (psychotherapist-patient privilege upheld when plaintiff had not made any claims for damages for pscyhological treatment, conditions, or symptoms resulting from defendants treatment); *Flowers*, 274 F.R.D. at 229 (plaintiff could not testify at trial about the details of his emotional state without waiving the privilege).

At hearing before the Court on October 22, 2012, counsel for Caine did not contest the potential severity of damages in the case, although he reserved the right to limit damage claims to "garden-variety" at some point in the future. With respect to discovery of the mental health records, at the October 22, 2012 hearing, Caine suggested not that he would assert the privilege in any blanket form, but rather that he could not waive the privilege without first reviewing the mental health records before turning them over to counsel fo Defendants. To the extent anything needed to be withheld for some specific reason, Caine's counsel would provide a privilege log and the specific issue could be re-raised with this Court.

Caine's counsel has made a reasonable suggestion to resolve the parties' disagreement over the treatment of the medical records documents at this stage in the case. At the moment, this case bears a strong similarity to the material facts of both *Flowers* and *Kronenberg*. Still in discovery, it remains at this time the plaintiff's strategic decision whether to limit damages to 'garden-variety' and thereby maintain the psychotherapist-patient privilege. *See, e.g., Flowers*, 274 F.R.D. at 229 (discussing the possibility of limiting damages testimony in order to maintain the privilege); *Kronenberg*, 747 F. Supp. 2d at 995 (plaintiff's statements on the record that he would not introduce testimony of emotional damages sufficient to maintain privilege). Caine's counsel has stated on the record before this Court that Caine may decide to limit his damages claims. At this point in the case, "the choice of how to proceed is the plaintiff's." *Flowers*, 274 F.R.D. at 229. The Court will therefore agree to Caine's counsel's suggestion that Caine's counsel review the mental health records and, by January 9, 2013, turn over the records to counsel for Defendants with what the Court anticipates will be a limited privilege log, and quite possibly no log at all. Once the log has been received, any dispute regarding the records is referred to the Magistrate Judge for resolution.

That said, should Caine assert the privilege on any of the mental health records, the Court directs Caine's counsel to heed the well-worded cautions set forth by the *Flowers* court about the introduction of emotional damages testimony. This Court will not permit

9

Caine to introduce testimony about the specifics of emotional damages, or argue in any way that they uncommon, or severe, and also continue to maintain the psychotherapist-patient privilege or any mental health records. Further, in light of the complexity of this case, the Court will not permit Caine to, as phrased in *Flowers*, "leave the matter in its current indeterminate state" for long, and by no means longer than the earlier of the disclosure of the report of Caine's damages expert, and Caine's deposition. Counsel for Caine will have to decide by that point whether Caine will limit his damages to 'garden - variety' and, to the extent he steps beyond those ordinary damages in testimony by either Caine or his damages expert, relinquish any documents currently claimed as psychotherapist-patient privileged. Finally, even if he does limit his damages to what he claims are 'garden-variety,' it is likely the parties will have "very different notions of what could grow in the garden" and if that be the case, the parties will present their dispute to the Magistrate Judge. *See Flowers*, 274 F.R.D. at 220.

**<u>Conclusion</u>**

For the foregoing reasons, Defendants' motion to compel production of Caine's mental health records is granted in part as described in this opinion. The parties are directed to submit to the Court a protective order covering the medical records to the extent the previously entered protective order does not address mental health record privacy concerns to the satisfaction of the parties. Any disputes regarding the privilege log

are referred to the Magistrate Judge.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: **12/27/2012**